IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN VARNADO, | No. C-07-00804 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| ABM INDUSTRIES, INC., CATHERINE BEADEL and DOES 1-50 Inclusive, | |
| Defendants. | |

Plaintiff Marilyn Varnado alleges she was subjected to discrimination based on her race or color and her sex by defendants ABM Industries, Inc. (ABM), her former employer, and Catherine Beadel, Ms. Varnado's former supervisor. Now before the Court is defendants' motion to dismiss. After carefully considering the papers filed by the parties, and having had the benefit of oral argument on October 5, 2007, the Court GRANTS defendants' motion.

## BACKGROUND

Ms. Varnado brought suit under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et. seq.,* asserting a claim of race or color and sex discrimination. Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) on the ground that the statute of limitations under Title VII bars plaintiff's claim.

Ms. Varnado, an African-American female, started to work for defendant ABM on March 9, 2006, as a PMO Director under the supervision of defendant Beadel. Varnado

1  alleges that the defendants created a hostile work environment through "verbal abuse as well
2  as fraudulent representations regarding pay and promotional opportunities." Specifically,
3  plaintiff asserts that despite promises to the contrary, she never received benefits. She
4  alleges that several white male coworkers did receive benefits, such as parking. Ms. Varnado
5  also never received an office, even though all of the male managers did. Ms. Varnado further
6  states that another employee harassed her through "public criticism and unsupportive
7  comments."

8  Despite complaints to her superiors, including Beadel, about the alleged
9  discrimination, defendants did not take any remedial action. Ms. Varnado continued working
10  for ABM until May 12, 2006, when ABM terminated her because she "was not a good fit."

11  Plaintiff timely filed charges with the Equal Employment Opportunity Commission
12  (EEOC) and California Department of Fair Employment and Housing on or about June 16,
13  2006, regarding defendants' alleged discrimination. The EEOC issued a Notice to Sue letter
14  on July 10, 2006. Plaintiff's counsel subsequently received the Notice to Sue letter on July
15  21, 2006. On October 11, 2006, plaintiff filed an employment discrimination complaint
16  against ABM and Beadel in this Court for race or color and sex discrimination. See <u>Varnado</u>
17  <u>v. AMB Industries, Inc., et.al.</u>, Case No. C-06-06351. After filing the complaint, plaintiff's
18  counsel became ill, and plaintiff undertook efforts to effect service of process on defendants.
19  Plaintiff, however, failed to serve either defendant prior to the initial Case Management
20  Conference (CMC). Plaintiff's counsel allegedly confirmed with the Court Clerk's Office
21  that the failure to effect service of process would result in a dismissal with prejudice and
22  instead chose to voluntarily dismiss the case on January 18, 2007, the day before the
23  scheduled CMC.

24  Plaintiff filed the complaint for the present action on February 8, 2007. Defendants
25  seek to dismiss the complaint on the ground that plaintiff's claim is barred by the applicable
26  statute of limitations under Title VII. <u>See</u> 42 U.S.C. 2000e-5(f)(1) (2000). Specifically,
27  defendants assert that plaintiff failed to file the current employment discrimination complaint
28  within the 90-day period required by the 42 U.S.C. 2000e-5(f)(1). As a result, defendants

2

assert that the complaint should be dismissed with prejudice.

## DISCUSSION

### A. Motion To Dismiss Standard

On a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe them in a light most favorable to the plaintiffs. See Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A district court should not dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

### B. Statute of Limitations

Plaintiffs must bring a civil action under Title VII within 90 days of receipt of a notice of right to sue from the EEOC as required by 42 U.S.C. § 2000e-5(f)(1). Procedural requirements such as a statute of limitations are to be strictly adhered to. See Scholar v. Pac. Bell, 963 F.2d 264, 268 (9th Cir. 1992) (holding that a Title VII claim was foreclosed because it was filed three days after expiration of the statute of limitations); see also Gonzalez v. Stanford Applied Eng'g, Inc., 597 F.2d 1298, 1299 (9th Cir. 1979) (per curiam) (affirming dismissal of Title VII claim on ground that suit was not timely brought). When a Title VII claimant fails to file within the 90-day statute of limitations, the action is barred. See Scholar, 963 F.2d at 267.

Ms. Varnado's counsel received the Notice to Sue letter from the EEOC on July 21, 2006. Ms. Varnado filed the complaint in the current action on February 8, 2007. More than 90 days lapsed between the receipt of the Notice to Sue letter and the filing of the complaint. Since Ms. Varnado failed to file her Title VII discrimination claim within the 90 days required by statute, her complaint is time barred.

### C. Equitable Tolling

Plaintiff claims that her complaint should not be time barred because the statute of limitations has been equitably tolled. To support this argument, plaintiff points to the original complaint she filed on October 11, 2006, within the ninety day statute of limitations.

She argues that her counsel's illness, plaintiff's inability to effect service prior to the first CMC, and reliance on the Court Clerk's Office are circumstances that justify equitable tolling.

The facts of this case are indeed troubling, but they do not justify equitable tolling. What this Court finds troubling is that a potentially meritorious case cannot go forward as a direct result of sloppy lawyering. Plaintiff's lawyer, James Paul Garrett, states that he "confirmed with the Court Clerk's Office" that plaintiff's case would have been dismissed with prejudice for failure to serve process if he had not voluntarily dismissed the initial and timely-filed action. As a preliminary matter, this Court very much doubts the veracity of Garrett's declaration as the Clerk's Office is not in the habit of giving legal advice. But even assuming the Clerk's Office gave such faulty advice, a passing glance at the Federal Rules of Civil Procedure would have disabused Garrett of the notion that his client's complaint would have been dismissed with prejudice. Federal Rule of Civil Procedure 4(m) states that if service of process is not accomplished within 120 days of the filing of the complaint, the district court in its discretion may either dismiss the action <u>without</u> prejudice or order service within a specified time, unless the plaintiff can show "good cause" for an extension, in which case the district court must extend the time for accomplishing service. What the rule plainly does not allow is for a district court to dismiss an action <u>with</u> prejudice as a result of lack of service.

Moreover, Garrett voluntarily dismissed his client's suit just 99 days after filing the complaint. Under the plain terms set forth in Rule 4, a party has 120 days to effectuate service of process. It is left for this Court to imagine why counsel did not simply serve the defendants within the remaining 21 days rather than dismiss plaintiff's case.

It is clear to this court that the untimeliness of plaintiff's complaint is the result of her lawyer's conduct. Unfortunately, it is just as clear equitable tolling is inappropriate because there was no extraordinary circumstance standing in the way of a timely filed complaint. See <u>Pace v. DiGugliemo</u>, 544 U.S. 408, 417 (2005). The equitable tolling doctrine does not account for deficient lawyering. That said, the plaintiff may have a remedy, and that remedy

4

lies in a malpractice action against her lawyer. Due to his actions, no longer may the plaintiff seek relief directly from the defendant.

Because the statute of limitations for the Title VII action has expired, this Court GRANTS defendants' motion to dismiss the complaint with prejudice.

Counsel for plaintiff is ordered to serve a copy of this order on his client.

**IT IS SO ORDERED.**

Dated: October 5, 2007

CHARLES R. BREYER

UNITED STATES DISTRICT JUDGE